ID# E-NJMXD2KT-DFV
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-4014**

**SEP 04, 2023 12:09 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  23-A-4014

$198.00 COST PAID

HOLBROOK, DORION
HOLBROOK, JENITA

---

**PLAINTIFF**

VS.

WERNER ENTERPRISES, INC.
ACE AMERICAN INSURANCE COMPANY
JOHN DOE CORPORATIONS 1-3
GABRIEL, DARRELL J

---

**DEFENDANTS**

## SUMMONS

TO: WERNER ENTERPRISES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Daniel J Saxton**
> **Saxton Firm, P.C.**
> **1995 North Park Place, SE**
> **Suite 207**
> **Atlanta, Georgia 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of September, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

EXHIBIT A

ID# E-NJMXD2KT-HJE
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-4014**

SEP 04, 2023 12:09 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DORION HOLBROOK, and | ) | |
| JENITA HOLBROOK, | ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| DARRELL JAMES GABRIEL, | ) | |
| WERNER ENTERPRISES, INC., | ) | |
| ACE AMERICAN | ) | |
| INSURANCE COMPANY, and | ) | |
| JOHN DOE CORPORATIONS 1-3 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs, by and through the undersigned counsel of record, in the above-styled action, files this COMPLAINT FOR DAMAGES against Defendants, DARRELL JAMES GABRIEL (hereinafter "Defendant Gabriel"), WERNER ENTERPRISES, INC. (hereinafter "Defendant Werner") and ACE AMERICAN INSURANCE COMPANY (hereinafter "Defendant Ace American"), and shows this Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs are residents of Georgia and is, therefore, subject to the jurisdiction of this Court.

2.

Defendant Gabriel is the driver of the vehicle involved in the subject collision and is a resident of the State of California, whose last known address is 8115 Iris Street, Oakland, Alameda County, California 94605. Defendant may be served at that address.

EXHIBIT A

3.

Defendant Werner is a Foreign Profit Corporation authorized to do business in the State of Georgia with its principal place of business located at 14507 Frontier Road, Omaha, Nebraska 68138. Defendant Werner is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent Corporate Creations Network, Inc., at the principal place of business located at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30006.

4.

Defendant Ace American is a Foreign Insurance Company authorized to do business in the State of Georgia with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106. Defendant Ace American is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent C T Corporation at the principal place of business located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

5.

The true names or capacities of the Defendants named herein as John Doe Corporations 1-3 are unknown to the Plaintiff. Therefore, Plaintiff sues these Defendants by their fictitious names. Plaintiff will amend the Complaint to show the true names of these Defendants when their names have been ascertained.

6.

Defendants are joint tortfeasors and as such, venue as to all Defendants is proper in Cobb County, Georgia.

<u>EXHIBIT A</u>

7.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 9-10-91 and O.C.G.A. § 9-10-93.

8.

Removal of this case to federal court is not appropriate. See, e.g., *Hambrick v. Wal-Mart Stores East, (2014) WL 1921341; Poll v. Deli Mmgt. Inc.,* No. 1:07-CV-0959-RWS, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007); *Stalvey v. Wal-Mart Stores East,* No. 510-CV-00206, 2010 WL4332439 (M.D. Ga. June 22, 2012); *Ott v. Wal-Mart Stores,* No. 5:09-CV-00215, 2010 U.S. Dist. LEXIS 13072 (M.D. Ga. Feb. 16, 2010); *Stephens v. Wal-Mart Stores East,* No. 5:09-cv-325, 2010 U.S. Dist. LEXIS 35506 (M.D. Ga. Apr. 12, 2012); *Mobley v. Wal-Mart Stores Inc.,* No. 2:09-cv-3019, 2010 U.S. Dist. LEXIS 10783 (D.S.C. Feb 8, 2010); *Mack v. Wal-Mart Stores Inc.,* No. 1:07-cv-3105-RBH, 2007 U.S. Dist. LEXIS 79646 (D.S.C. Oct. 26, 2007). Inappropriate removals to federal court are subject to an award of fees. 28 U.S.C. §1447(c). An award of fees is appropriate when the removing party lacks an objectively reasonable basis for seeking removal. In this situation, an award of fees does not require a showing of bad faith. *Poll,* 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007).

## **FACTS**

9.

On or about August 10, 2022, Plaintiff DORION HOLBROOK was traveling southbound on Fulton Industrial Boulevard SW at or near its intersection with Interstate 20 West ramp in Fulton County, Georgia.

EXHIBIT A

10.

On or about the same date, Defendant Gabriel was operating a 2022 Peterbuilt Model TR that was traveling northbound on Fulton Industrial Boulevard SW at or near its intersection with Interstate 20 West ramp in Fulton County, Georgia.

11.

Plaintiff DORION HOLBROOK was traveling southbound on Farm Drive at or near its intersection with Forest Parkway when Defendant Gabriel negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with the Plaintiff's vehicle.

12.

The negligent operation of the vehicle Defendant Gabriel was driving was the sole and proximate cause of the collision, which is the subject of this action.

13.

As a result of the subject collision, Plaintiff DORION HOLBROOK suffered bodily injuries.

14.

As a result of the injuries sustained, Plaintiff DORION HOLBROOK had to seek medical treatment.

15.

At all times relevant, Plaintiff DORION HOLBROOK exercised due care for his own safety.

EXHIBIT A

## COUNT I – NEGLIGENCE

16.

Defendant Gabriel owed a duty of care to the motoring public in general and to Plaintiff in particular, to operate his vehicle in a reasonable and prudent manner and to adhere to the *Georgia Uniform Rules of the Road.*

17.

Defendant Gabriel breached his duty by failing to obey traffic control devices.

18.

Defendant Gabriel owed a duty to exercise ordinary care with regard to other drivers on the highway. Specifically, Defendant Gabriel was under a duty to keep a proper lookout for potential hazards and maintain a diligent lookout ahead.

19.

Defendant Gabriel breached his duty of care by assuming that the road ahead of him was clear of traffic.

20.

There was absolutely no negligence on the part of Plaintiff DORION HOLBROOK.

## COUNT II- NEGLIGENCE PER SE

21.

Defendant Gabriel was negligent in the following particulars, all of which contributed to the injuries sustained by Plaintiff DORION HOLBROOK:

(a)     In failing to make reasonable and proper observations while driving Defendant's vehicle or, if reasonable and proper observations were made, failing to act thereon;

(b)     In failure to obey traffic control devices, in violation of O.C.G.A. § 40-6-20;

EXHIBIT A

(c) In failing to make timely and proper application of Defendant's brakes, in violation of O.C.G.A. § 40-6-241;

(d) In failing to observe or undertake the necessary precautions to keep Defendant's vehicle from colliding with the Plaintiff's vehicle, in violation of O.C.G.A § 40-6-390;

(e) In driving Defendant's vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of O.C.G.A. § 40-6-241;

(f) In driving Defendant's vehicle in reckless disregard for the safety of persons and/or property, in violation of O.C.G.A. § 40-6-390; and

(g) In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

22.

Defendant's negligent acts are a violation of *Georgia Uniform Rules of the Road* and therefore constitute negligence as a matter of law or *negligence per se.*

## **COUNT III – IMPUTABLE NEGLIGENCE**

23.

At the time of the collision, Defendant Gabriel was an employee and agent of Defendant Werner and Defendant was driving a vehicle withing the course and scope of his employment with Defendant Werner.

EXHIBIT A

24.

Defendant Werner is liable for the acts and omissions of Defendant Gabriel as Defendant Werner agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

25.

Defendant Werner owed a legal duty to check driver information of Defendant Gabriel, which would have been revealed by a proper driver qualification.

26.

Defendant Werner was negligent in hiring Defendant Gabriel and entrusting him to drive its commercial motor vehicle.

27.

Defendant Werner owed a duty to exercise ordinary care in the selection of its employees and not retain them after knowledge of any incompetence, pursuant to O.C.G.A. § 34-7-20.

28.

Defendant Werner knew or should have known of Defendant Gabriel's propensity to engage in the conduct which caused Plaintiff DORION HOLBROOK's injuries.

29.

Defendant Werner owed a duty to exercise ordinary care not to hire or retain an employee it knows or should have known poses a risk of harm to others.

30.

It was reasonably foreseeable that Defendant Gabriel's tendencies or propensities could cause the type of harm sustained by Plaintiff DORION HOLBROOK.

EXHIBIT A

31.

Defendant Werner knew or should have known Defendant Gabriel could cause the type of harm sustained by Plaintiff DORION HOLBROOK.

32.

Defendant Werner owed a legal duty to check a driver's record for any serious violations.

33.

Defendant Werner was negligent in failing to properly evaluate the driving capabilities of Defendant Gabriel before he was hired.

34.

Defendant Werner was negligent in failing to conduct an extensive review of the driver's record of Defendant Gabriel before he was hired.

35.

Defendant Werner was negligent in failing to properly train and supervise Defendant Gabriel.

36.

Defendant Werner was negligent in failing to enforce company policies, procedures, and rules for the protection of the public, including Plaintiff DORION HOLBROOK.

37.

Defendant Werner was negligent in failing to monitor Defendant Gabriel's driving while he was employed.

38.

Defendant Werner owed a statutory duty to keep its vehicle in good working order, pursuant to O.C.G.A. § 40-8-50(a).

EXHIBIT A

39.

Defendant Werner was negligent in failing to properly service the 2022 Peterbuilt Model TR that Defendant Gabriel was operating at the time of the collision.

40.

The negligence of Defendant Werner proximately caused Plaintiff DORION HOLBROOK's injuries.

41.

Defendant Werner is liable for the injuries sustained by Plaintiff DORION HOLBROOK.

## **COUNT IV- DIRECT ACTION**

42.

Defendant Ace American was the insurer of Defendant Werner at the time of the collision and provided liability insurance that affords coverage on behalf of Defendants, DARRELL JAMES GABRIEL, and WERNER ENTERPRISES, INC.

43.

Defendant Ace American issued a liability policy to Defendant Werner, which being Policy Number XSA H10759560. Said policy was in effect on August 10, 2022.

44.

Defendant Ace American is subject to a direct action as the insurer for Defendant Werner, pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

45.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Ace American is liable to Plaintiff and responsible for payment of damages incurred by

EXHIBIT A

and occasioned upon the Plaintiff as a result of the negligent acts and omissions of Defendant Werner and/or Defendant Gabriel.

## COUNT V- PUNITIVE DAMAGES

46.

The conduct of Defendant Werner warrants imposition of punitive damages, based on its independent wrongdoing in hiring, retaining, supervision, and training Defendant Gabriel.

47.

The actions of Defendant Werner showed a willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, pursuant to O.C.G.A. § 51-12-5.1.

48.

Plaintiffs are entitled to recover punitive damages without limitation or cap, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

49.

Defendant Werner has acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense. Thus, Plaintiffs are entitled to recover necessary expenses of litigation, including an award of reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT VI – DAMAGES

50.

As a direct and proximate result of injuries sustained, Plaintiff DORION HOLBROOK had to seek medical treatment.

Page **10** of **13**

EXHIBIT A

51.

As a direct and proximate result of seeking medical treatment, Plaintiff DORION HOLBROOK incurred medical expenses in the amount of $584,817.94 for the care of the injuries sustained in the subject collision.

52.

As a direct and proximate result of the persistent injuries sustained, Plaintiff DORION HOLBROOK may continue to incur medical expenses for an indefinite period of time.

53.

As a direct and proximate result of seeking medical treatment, Plaintiff DORION HOLBROOK lost wages in an amount to be determined through discovery and this Complaint be amended accordingly.

54.

As a direct and proximate result of seeking medical treatment, Plaintiff DORION HOLBROOK incurred travel expenses, in the form of mileage reimbursement, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

55.

As a direct and proximate result of the injuries sustained, Plaintiff DORION HOLBROOK has endured pain and suffering in an amount to be determined by the enlightened conscience of an impartial jury at trial.

56.

As a direct and proximate result of the pain and suffering, Plaintiff DORION HOLBROOK may have endured mental anguish and emotional distress, to be determined through discovery and this Complaint be amended accordingly.

EXHIBIT A

57.

As a direct and proximate result of the pain and suffering, Plaintiff DORION HOLBROOK has suffered loss of enjoyment of life, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

58.

Both the collision and the injuries sustained by Plaintiff DORION HOLBROOK were the direct and proximate result of the negligent acts of Defendants.

## COUNT VII – LOSS OF CONSORTIUM

59.

At the time of the accident complained of in the Plaintiffs complaint, the Plaintiffs were married and that the Plaintiffs continue to be married.

60.

That as a result of the wrongful and negligent acts of the Defendant, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

61.

That all the injuries and damages were caused solely and proximately by the negligence of the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter a judgment in favor of Plaintiffs and against Defendants as follows:

(a)    Plaintiff DORION HOLBROOK be awarded special damages for past and present medical expenses, in the amount of $584,817.94;

EXHIBIT A

(b)      Plaintiff DORION HOLBROOK be awarded special damages for loss of wages, in an amount to be determined through discovery;

(c)      Plaintiffs be awarded general damages for future medical expenses, travel expenses, physical and mental pain and suffering, and loss of enjoyment of life, to be determined at trial;

(d)      Plaintiffs be awarded punitive damages, to be determined at trial;

(e)      Plaintiffs be awarded litigation expenses, including court costs and attorney's fees; and

(f)      Plaintiffs be awarded such other and further relief as this Court deems just and proper.

This 4th day of September, 2023.

SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA 30339
Telephone: (404) 420-5791
Facsimile: (678) 213-1058
Email: djsaxton@saxtonfirm.com
        jpbrunache@saxtonfirm.com

SAXTON FIRM, P.C.

*Daniel J. Saxton*

Daniel J. Saxton, Esq.
Georgia Bar No. 628075

*/s/Jean-Paul Brunache*
Jean-Paul Brunache, Esq.
Georgia Bar No. 283899
*Attorneys for Plaintiffs*

EXHIBIT A

ID# E-TTJTFNVG-4UT
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-4014**

**OCT 06, 2023 06:22 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

**DORION HOLBROOK and JENITA HOLBROOK,**

      **Plaintiffs,**

v.

**DARRELL JAMES GABRIEL, WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and JOHN DOE CORPORATIONS 1-3,**

      **Defendants.**

**CIVIL ACTION FILE NO.**

**23-A-4014**

---

### DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES

---

COMES NOW, **ACE AMERICAN INSURANCE COMPANY**, Defendant in the above-styled action, and files this, its Answer to Plaintiffs' Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant denies that any Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiffs.

### THIRD DEFENSE



EXHIBIT A

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiffs are not entitled to recover from Defendants.

## FOURTH DEFENSE

Plaintiffs, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiffs are not entitled to recover from Defendants.

## FIFTH DEFENSE

Plaintiffs have failed to mitigate their damages and are therefore barred from recovery.

## SIXTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendants.  Therefore, Plaintiffs are barred from any recovery against Defendants.

## SEVENTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## EIGHTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation,  pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiffs, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon Defendants would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, Defendant

-2-

EXHIBIT A

specifically shows that a *bona fide* dispute exists to the extent that Defendant is not liable to Plaintiffs.

## NINTH DEFENSE

Plaintiffs' action should be dismissed to the extent that it is an action based in contract, and no breach of contract has occurred.

## TENTH DEFENSE

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## ELEVENTH DEFENSE

This Defendant cannot be held liable under the theory of *respondent superior*.

## TWELFTH DEFENSE

This Defendant denies that it caused the Plaintiff to suffer any injury.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations against this Defendant.

## FOURTEENTH DEFENSE

This Defendant is not subject to a direct action against it.

## FIFTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

-3-

## EXHIBIT A

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, which are therefore denied.

4.

This Defendant admits it is a company existing under the laws of the State of Pennsylvania and may be served with process via its registered agent CT Corporation at 289 S. Culver Street, Lawrenceville, GA 30046. This Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, which are therefore denied.

6.

This Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

-4-

EXHIBIT A

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, which are therefore denied.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, which are therefore denied.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

EXHIBIT A

This Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

This Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

This Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24.

This Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Paragraph 25 of Plaintiffs' Complaint is denied as stated.

26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant admits the allegations contained in Paragraph 27 of the Complaint.

EXHIBIT A

28.

This Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Paragraph 29 of Plaintiffs' Complaint is denied as stated.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

Paragraph 32 of Plaintiffs' Complaint is denied as stated.

33.

This Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.

This Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.

This Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.

This Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of the Complaint.

EXHIBIT A

38.

Paragraph 38 of Plaintiffs' Complaint is denied as stated.

39.

This Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.

This Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

This Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43.

This Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44.

This Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

This Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

This Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

This Defendant denies the allegations contained in Paragraph 47 of the Complaint.

-8-

EXHIBIT A

48.

This Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.

This Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.

This Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

This Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.

This Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.

This Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

This Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

This Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.

This Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.

This Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.

EXHIBIT A

This Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, which are therefore denied.

60.

This Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.

This Defendant denies the allegations contained in Paragraph 61 of the Complaint.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiffs' Complaint. All remaining allegations and inferences contained in Plaintiffs' Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiffs' Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

-10-

EXHIBIT A

This <u>6th</u> day of October, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

<u>    /s/ Sandro Stojanovic    </u>
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

EXHIBIT A

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **DORION HOLBROOK and JENITA HOLBROOK,** | |
| **Plaintiffs,** | **CIVIL ACTION FILE NO.** |
| | **23-A-4014** |
| **v.** | |
| **DARRELL JAMES GABRIEL, WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and JOHN DOE CORPORATIONS 1-3,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court which will automatically send electronic notification to the following:

Daniel J. Saxton
Jean-Paul Brunache
Saxton Firm, PC
1995 North Park Place, SE
Suite 207
Atlanta, GA 30339
djsaxton@saxtonfirm.com
jpbrunache@saxtonfirm.com

This 6th day of October, 2023.

-12-

EXHIBIT A

**Quintairos, Prieto, Wood & Boyer, P.A.**

___*/s/ Sandro Stojanovic*_____
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

-13-

EXHIBIT A

ID# 1-QEMZJKWF-WRE
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-4014**

**OCT 17, 2023 09:22 AM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

**DORION HOLBROOK and JENITA HOLBROOK,**

      **Plaintiffs,**

v.

**DARRELL JAMES GABRIEL, WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and JOHN DOE CORPORATIONS 1-3,**

      **Defendants.**

**CIVIL ACTION FILE NO.**

**23-A-4014**

### DEFENDANT DARRELL JAMES GABRIEL'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW, **DARRELL JAMES GABRIEL**, Defendant in the above-styled action, and files this, his Answer to Plaintiffs' Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant denies that any Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiffs.

-1-



EXHIBIT A

**THIRD DEFENSE**

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiffs are not entitled to recover from Defendants.

**FOURTH DEFENSE**

Plaintiffs, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiffs are not entitled to recover from Defendants.

**FIFTH DEFENSE**

Plaintiffs have failed to mitigate their damages and are therefore barred from recovery.

**SIXTH DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendants.  Therefore, Plaintiffs are barred from any recovery against Defendants.

**SEVENTH DEFENSE**

Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

**EIGHTH DEFENSE**

To the extent any claim for punitive damages or attorney's fees and expenses of litigation,  pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiffs, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon Defendants would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, Defendant

-2-

EXHIBIT A

specifically shows that a *bona fide* dispute exists to the extent that Defendant is not liable to Plaintiffs.

## NINTH DEFENSE

This Defendant denies that it caused the Plaintiff to suffer any injury.

## TENTH DEFENSE

Plaintiffs' medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## ELEVENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant admits he is a resident of the State of Louisiana and may be served with process at 15795 Tiger Bluff Circle, Maurepas, LA, 70449.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, which are therefore denied.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, which are therefore denied.

## EXHIBIT A

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, which are therefore denied.

6.

This Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, which are therefore denied.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, which are therefore denied.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

-4-

EXHIBIT A

14.

This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

This Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

This Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

This Defendant admits the allegations contained in Paragraph 23 of the Complaint.

EXHIBIT A

24.

This Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Paragraph 25 of Plaintiffs' Complaint is denied as stated.

26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Paragraph 29 of Plaintiffs' Complaint is denied as stated.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

Paragraph 32 of Plaintiffs' Complaint is denied as stated.

33.

This Defendant denies the allegations contained in Paragraph 33 of the Complaint.

EXHIBIT A

34.

This Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.

This Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.

This Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

Paragraph 38 of Plaintiffs' Complaint is denied as stated.

39.

This Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.

This Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

This Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43.

This Defendant admits the allegations contained in Paragraph 43 of the Complaint.

EXHIBIT A

44.

This Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

This Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

This Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

This Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

This Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.

This Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.

This Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

This Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.

This Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.

This Defendant denies the allegations contained in Paragraph 53 of the Complaint.

EXHIBIT A

54.

This Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

This Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.

This Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.

This Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.

This Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, which are therefore denied.

60.

This Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.

This Defendant denies the allegations contained in Paragraph 61 of the Complaint.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiffs' Complaint. All remaining allegations and inferences contained in Plaintiffs' Complaint not heretofore specifically addressed, are denied in their entirety.

EXHIBIT A

WHEREFORE, Defendant, having fully answered Plaintiffs' Complaint for Damages, prays as follows:

a)      that he be discharged without cost or liability;

b)      that he have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c)      that a Pre-Trial Conference be held;

d)      that all costs and attorneys' fees be assessed against Plaintiff; and

e)      that he have such other relief as the Court deems just and proper.

This <u>17th</u> day of October, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

-10-

<u>EXHIBIT A</u>

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **DORION HOLBROOK and JENITA HOLBROOK,** | |
| **Plaintiffs,** | **CIVIL ACTION FILE NO.** |
| | **23-A-4014** |
| **v.** | |
| **DARRELL JAMES GABRIEL, WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and JOHN DOE CORPORATIONS 1-3,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT DARRELL JAMES GABRIEL'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court which will automatically send electronic notification to the following:

Daniel J. Saxton
Jean-Paul Brunache
Saxton Firm, PC
1995 North Park Place, SE
Suite 207
Atlanta, GA 30339
djsaxton@saxtonfirm.com
jpbrunache@saxtonfirm.com

This 17th day of October, 2023.

-11-

EXHIBIT A

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

-12-

EXHIBIT A

ID# E-TTJTFNVG-LQX
⏛ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-4014**

**OCT 06, 2023 06:22 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **DORION HOLBROOK and JENITA HOLBROOK,** | |
| **Plaintiffs,** | **CIVIL ACTION FILE NO.** |
| v. | **23-A-4014** |
| **DARRELL JAMES GABRIEL, WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and JOHN DOE CORPORATIONS 1-3,** | |
| **Defendants.** | |

## <u>DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES</u>

COMES NOW, **WERNER ENTERPRISES, INC.,** Defendant in the above-styled action, and files this, its Answer to Plaintiffs' Complaint for Damages, showing this Honorable Court as follows:

### <u>FIRST DEFENSE</u>

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### <u>SECOND DEFENSE</u>

Defendant denies that any Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiffs.

-1-



EXHIBIT A

## THIRD DEFENSE

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiffs are not entitled to recover from Defendants.

## FOURTH DEFENSE

Plaintiffs, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiffs are not entitled to recover from Defendants.

## FIFTH DEFENSE

Plaintiffs have failed to mitigate their damages and are therefore barred from recovery.

## SIXTH DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendants.  Therefore, Plaintiffs are barred from any recovery against Defendants.

## SEVENTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## EIGHTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation,  pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiffs, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon Defendants would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, Defendant

-2-

EXHIBIT A

specifically shows that a *bona fide* dispute exists to the extent that Defendant is not liable to Plaintiffs.

### NINTH DEFENSE

This Defendant denies that it caused the Plaintiff to suffer any injury.

### TENTH DEFENSE

Plaintiffs' medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

### ELEVENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which are therefore denied.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which are therefore denied.

3.

This Defendant admits it is a company existing under the laws of the State of Nebraska and may be served with process via its registered agent Corporate Creations Network, 2985 Gordy Parkway, 1st Floor, Marietta, GA 30006. This Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

-3-

### EXHIBIT A

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, which are therefore denied.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, which are therefore denied.

6.

This Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, which are therefore denied.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, which are therefore denied.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

EXHIBIT A

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

This Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

EXHIBIT A

22.

This Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

This Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24.

This Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Paragraph 25 of Plaintiffs' Complaint is denied as stated.

26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Paragraph 29 of Plaintiffs' Complaint is denied as stated.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

EXHIBIT A

32.

Paragraph 32 of Plaintiffs' Complaint is denied as stated.

33.

This Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.

This Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.

This Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.

This Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

Paragraph 38 of Plaintiffs' Complaint is denied as stated.

39.

This Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.

This Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of the Complaint.

EXHIBIT A

42.

This Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43.

This Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44.

This Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

This Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

This Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

This Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

This Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.

This Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.

This Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

This Defendant denies the allegations contained in Paragraph 51 of the Complaint.

EXHIBIT A

52.

This Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.

This Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

This Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

This Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.

This Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.

This Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.

This Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, which are therefore denied.

60.

This Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.

This Defendant denies the allegations contained in Paragraph 61 of the Complaint.

-9-

<u>EXHIBIT A</u>

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiffs' Complaint. All remaining allegations and inferences contained in Plaintiffs' Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendant, having fully answered Plaintiffs' Complaint for Damages, prays as follows:

a)    that it be discharged without cost or liability;

b)    that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c)    that a Pre-Trial Conference be held;

d)    that all costs and attorneys' fees be assessed against Plaintiff; and

e)    that it have such other relief as the Court deems just and proper.

This <u>6th</u> day of October, 2023.

                                             **Quintairos, Prieto, Wood & Boyer, P.A.**

                                             _ _/s/ Sandro Stojanovic_ _____
                                             SCOTT H. MOULTON
                                             Georgia Bar No. 974237
                                             SANDRO STOJANOVIC
                                             Georgia Bar No. 473114
                                             *Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

-10-

<u>EXHIBIT A</u>

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **DORION HOLBROOK and JENITA HOLBROOK,** | |
| **Plaintiffs,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23-A-4014** |
| **DARRELL JAMES GABRIEL, WERNER ENTERPRISES, INC., ACE AMERICAN INSURANCE COMPANY and JOHN DOE CORPORATIONS 1-3,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT WERNER ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Peach Court which will automatically send electronic notification to the following:

Daniel J. Saxton
Jean-Paul Brunache
Saxton Firm, PC
1995 North Park Place, SE
Suite 207
Atlanta, GA 30339
djsaxton@saxtonfirm.com
jpbrunache@saxtonfirm.com

This 6th day of October, 2023.

-11-

EXHIBIT A

**Quintairos, Prieto, Wood & Boyer, P.A.**

_/s/ Sandro Stojanovic_
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC
Georgia Bar No. 473114
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

-12-

<u>EXHIBIT A</u>